UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AUDIE CRAIG SINGLETARY,

    Petitioner,

v.                        Case No. 2:07-cv-611-FtM-33SPC

UNITED STATES OF AMERICA,

    Respondent.
_____/

**<u>ORDER</u>**

    This matter is before the Court on consideration of United States Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Doc. # 21), filed on July 20, 2009, recommending that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Petitioner's Sentence by a Person in Federal Custody (Doc. # 1) be denied. The record reflects that Judge Chappell conducted an evidentiary hearing on the 2255 Motion on June 16, 2009. (Doc. # 16).

    On July 24, 2009, Petitioner filed objections to the Report and Recommendation (Doc. # 22). On August 24, 2009, the Government responded to Petitioner's objections. (Doc. # 24). For the reasons that follow, the Court adopts the Report and Recommendation of Judge Chappell.

    **<u>Analysis</u>**

    After conducting a careful and complete review of the findings and recommendations, a District Judge may accept,

reject or modify the Magistrate Judge's Report and Recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n. 9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The District Judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

Petitioner does not set forth precise objections to Judge Chappell's Report and Recommendation. Rather, Petitioner offers generalized criticism of the Report and Recommendation and reargues the merits of the 2255 Motion. The Court is not obligated to repeat Judge Chappell's analysis of the 2255 Motion based on Petitioner's vague contentions; nevertheless, in an abundance of caution, the Court will address the merits of the "objections."

First, Petitioner argues that his plea agreement was not made knowingly and voluntarily. Second, Petitioner asserts

that his Sixth Amendment right to counsel was violated because his trial counsel (1) ineffectively failed to investigate the defense of withdrawal from the conspiracy; (2) labored under a conflict of interest; and (3) failed to object to the imposition of the career offender sentence enhancement.

**A.  Knowing and Voluntary Plea**

On August 18, 2005, Petitioner, pursuant to a written plea agreement, pled guilty to a charge of conspiracy to import into the United States five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 963 and 960(b)(1)(B)(ii). (Cr. Doc. ## 69, 123). After accepting his guilty plea (Cr. Doc. # 127), the Court sentenced Petitioner to 292 months imprisonment. (Cr. Doc. ## 207, 213).

Petitioner asserts that his plea was not entered into knowingly and voluntary. Petitioner objects to Judge Chappell's reliance on Petitioner's sentence appeal waiver as contained in the plea agreement as well as her reliance on Petitioner's plea colloquy as a basis for determining that Petitioner's plea was entered into knowingly and voluntary.

It is "well-settled" that the right to appeal is statutory and can be waived "knowingly and voluntarily." Williams v. United States, 396 F.3d 1340, 1342 (11th Cir.), cert. denied, 126 S. Ct. 246 (2005); United States v. Bushert,

997 F.2d 1343, 1350 (11th Cir. 1993). As explained in Williams, "for a sentence-appeal waiver to be enforceable, the government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the plea colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." Id. at 1341.

A defendant's waiver of the right to appeal "directly or collaterally" encompasses his right to challenge his sentence in a Section 2255 proceeding. Williams, 396 F.3d at 1342; United States v. White, 307 F.3d 336, 341-44 (5th Cir. 2002); Garcia-Santos v. United States, 273 F.3d 506, 508-09 (2d Cir. 2001); Davila v. United States, 258 F.3d 448, 451-52 (6th Cir. 2001); United States v. Cockerham, 237 F.3d 1179, 1183-87 (10th Cir. 2001), Mason v. United States, 211 F.3d 1065, 1069-70 (7th Cir. 2000). As discussed by the Williams court, a valid sentence-appeal waiver is enforceable against claims of ineffective assistance of counsel at sentencing because "a contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." 396 F.3d at 1342; see also Cockerham, 237 F.3d at 1182 (appeal and

collateral attack waiver provision in plea agreement waives the right to Section 2255 petition based on ineffective assistance of counsel unless the challenge concerns the validity of the plea or the validity of the waiver); Mason, 211 F.3d at 1069 (same); United States v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1998)(although "dress[ed] up" as a Sixth Amendment claim, defendant is really challenging the correctness of his sentence under the guidelines, and therefore is barred by the plain language in his plea agreement; to allow his claim would be to "render meaningless" such plea agreement waivers).

In this case, Judge Chappell's reliance on the plea colloquy and the sentence appeal waiver contained in the plea agreement was proper. The Petitioner was afforded multiple plea proceedings in an effort to ensure that his plea was made voluntarily and with knowledge of its import and effect. During the multiple plea colloquies, the Magistrate Judge delved deeply into Petitioner's understanding of the plea agreement to ensure that it was made knowingly and voluntarily. Petitioner's answers to the questions during the plea colloquies demonstrate that Petitioner did, in fact, tender a knowing and voluntary plea.

As stated in United States v. Billings, "There is a

strong presumption that statements made during the Rule 11 plea colloquy are true." See also Blackledge, 431 U.S. at 74 ("the representations of the defendant . . . as well as any findings made by the judge in accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity"). In this case, Petitioner was advised of the mandatory minimum sentence and was advised of other implications of his plea, and Petitioner denied that he was coerced to enter a plea of guilty. (Cr. Doc. ## 110, 154). His present assertion that he believed that he would receive a substantially lesser sentence is unreasonable and unavailing.

Further, Petitioner's trial counsel, Thomas Ostrander, Esq., testified that he explained each provision of the plea agreement to Petitioner prior to Petitioner's execution of the plea agreement. (Tr. 36:1-7).

The Court determines that Petitioner's plea was made knowingly and voluntarily. Petitioner's objections on this ground, including any argument that Attorney Ostrander ineffectively advised Petitioner to enter a plea, are overruled.

### B. Ineffective Assistance

Petitioner contends that Attorney Ostrander provided unconstitutionally ineffective assistance to Petitioner. Specifically, Petitioner contends that Attorney Ostrander failed to investigate the defense of withdrawal from the conspiracy, failed to object to the career offender enhancement, and labored under a conflict of interest.

Proving ineffective assistance of counsel is a difficult task. To prevail on an ineffective assistance of counsel claim, Petitioner must meet the test established by <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). In <u>Sims v. Singletary</u>, 155 F.3d 1297, 1305 (11th Cir. 1998), the Eleventh Circuit evaluated ineffective assistance of counsel under <u>Strickland</u>:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Supreme Court set forth a two-pronged test for analyzing ineffective assistance of counsel claims. According to <u>Strickland</u>, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

<u>Strickland</u>, 466 U.S. at 687.

Courts must "indulge [the] strong presumption" that counsel's performance was reasonable and that counsel "made all significant decisions in the exercise of reasonable professional judgment." <u>Strickland</u> 466 U.S. at 689-90. Thus, counsel cannot be considered ineffective for performing in a particular way in a case, so long as the approach taken "might be considered sound trial strategy." <u>Darden v. Wainwright</u>, 477 U.S. 168, 186 (1986). Given the presumption that counsel offered competent assistance, the Petitioner's burden is a heavy one. <u>Chandler v. United States</u>, 218 F.3d 1305, 1315 (11th Cir. 2000)(en banc).

The reasonableness of counsel's performance is an objective inquiry. "Because Counsel's conduct is presumed reasonable, for a petitioner to show that the conduct was unreasonable, a petitioner must establish that no competent counsel would have taken the action that his counsel did take." <u>Chandler</u>, 218 F.3d at 1315. As stated by the court in <u>Waters v. Thomas</u>, 46 F.3d 1506, 1512 (11th Cir. 1995)(en banc), "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial." <u>See also Provenzano v.</u>

Singletary, 148 F.3d 1327, 1332 (11th Cir. 1998)(explaining that counsel's conduct is unreasonable only if petitioner shows that "no competent counsel would have made such a choice").

   1. **Withdrawal Defense**

Petitioner's arguments concerning ineffective assistance of counsel, particularly concerning the "withdrawal" defense, cannot withstand the requirements of Strickland. As correctly noted by Judge Chappell, "no absolute duty exists to investigate a particular line of defense." (Doc. # 21 at 14). Counsel's decision not to investigate a certain defense need only be reasonable. Williamson v. Moore, 221 F.3d 1177, 1180 (11th Cir. 2000). Here, Attorney Ostrander testified that he did not think that the withdrawal from the conspiracy defense would be fruitful and he chose not to investigate it. (Tr. 39:11-20). The Court does not find that Attorney Ostrander rendered ineffective assistance on this basis, and Petitioner's objections on this issue are overruled.

   2. **Conflict of Interest**

Similarly, Petitioner failed to demonstrate that a conflict of interest rendered Attorney Ostrander's services unconstitutionally ineffective. Petitioner contends, "counsel failed to inform the Petitioner that [Farrell] Hall had

provided substantial assistance to the government. The Magistrate is unable to refute this claim. Defense counsel represented a client who provided damaging information against a current client in exchange for a lesser sentence." (Doc. # 22 at 4).

Judge Chappell carefully summarized the pertinent facts regarding Attorney Ostrander's representation of Petitioner and the purported conflict of interest in the Report and Recommendation. (Doc. # 21 at 6). Significantly, Attorney Ostrander "advised the Court and the Petitioner" of the fact that he previously represented Farrell Hall, an individual with interests adverse to Petitioner. (Doc. # 21 at 6; Tr. 32:9-22). As noted in the Report and Recommendation, "If Petitioner decided not to plead and had gone to trial and Farrell Hall was listed as a witness, Att. Ostrander would have had to withdraw. Atty. Ostrander discussed the issue of withdrawal and the Petitioner's response was to accept his representation." (Doc. # 21 at 6) (internal citations omitted).

As discussed in McCorkle v. United States, 08-10371, 2009 U.S. App. LEXIS 9011, at *7 (11th Cir. Apr. 28, 2009) "Where an ineffective assistance claim is based on a conflict of interest, 'a defendant must show, first, that his attorney had

an actual conflict of interest, and second, that the conflict adversely affected counsel's performance.'" (Citing Pegg v. United States, 253 F.3d 1274, 1277 (11th Cir. 2001)).

In this case, Petitioner failed to demonstrate either part of the two part test. As explained by the Eleventh Circuit:

> [W]e will not find an actual conflict of interest unless the defendant can point to specific instances in the record to suggest an actual conflict or impairment of his interests. The defendant must make a factual showing of inconsistent interests and must demonstrate that the attorney made a choice between possible alternative causes of action, such as eliciting (or failing to elicit) evidence helpful to one client but harmful to himself. If he did not make such a choice, the conflict remains hypothetical.

McCorkle, at *7.

Petitioner falls well short of this burden. Similarly, Petitioner fails to show that Attorney Ostrander's purported conflict of interest adversely affected counsel's performance.[1] Accordingly, Petitioner's objection on this basis is overruled.

---

[1] To prove adverse affect, the Eleventh Circuit has held: "a defendant needs to demonstrate: (a) that the defense attorney could have pursued a plausible alternative strategy, (b) that this alternative strategy was reasonable, and (c) that the alternative strategy was not followed because it conflicted with the attorney's external loyalties." McCorkle, at *8.

11

### 3. Career Offender Enhancement

Finally, the Court overrules Petitioner's objection based upon its imposition of the career offender enhancement of Petitioner's sentence. Judge Chappell's analysis of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) is dispositive of Petitioner's arguments:

> Prior convictions are exempted from those facts that must be admitted or proved by a jury prior to sentencing. <u>Apprendi</u>, 530 U.S. at 490. . . . In the drug context, a district court's drug quantity findings and utilization of the § 841(b)(1)(A) and § 841(b)(1)(B) sentencing schemes in § 841 cases in no manner violate <u>Apprendi</u> unless the actual sentence ultimately imposed exceeds the catchall maximum penalty in § 841(b)(1)(c).

(Doc. # 21 at 18-19)(internal citations omitted).

In this case, Petitioner's sentence of 292 months imprisonment did not exceed the statutory maximum penalty. (Cr. Doc. # 213). Thus, Petitioner's counsel cannot be criticized as ineffective due to his failure to raise such an argument at sentencing. Petitioner's arguments concerning the career offender enhancement are without merit. Petitioner's objections to the Report and Recommendation on that basis are overruled.

### Conclusion

Upon the Court's independent review of the file and evaluation of Petitioner's objections to the Report and

12

Recommendation, the Court adopts the Report and Recommendation, overrules the objections thereto, and denies the 2255 Motion.

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, the defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a

certificate of appealability, he is not entitled to appeal in forma pauperis.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. # 1) is **DENIED.**

(2) United States Magistrate Judge Sheri Polster Chappell's report and recommendation (Doc. # 21) is **ACCEPTED AND ADOPTED**.

(3) This Court declines to issue a certificate of appealability and Petitioner is not entitled to appeal in forma pauperis.

(4) The Clerk is directed to file this Order in this case and the corresponding criminal case of 2:05-cr-21-FtM-33SPC. The Clerk is directed to enter judgment accordingly and to close the case.

**DONE** and **ORDERED** in Fort Myers, Florida, this 27th day of August, 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record